RAYMOND NARDO, Esq.
ATTORNEY FOR DEFENDANTS
FREEDOM PLACE REST LLC
39 WEA FOOD GROUP, Inc.
129 Third Street
Mineola, NY 11501
(516)248-2121

---

# UNITED STATES DISTRICT COURT
## for the
# SOUTHERN DISTRICT OF NEW YORK

GENXIANG ZHANG and XINHUI ZHANG, on their own
behalf and on behalf of others similarly
situated

                    Plaintiffs,
                                        **17-CV-07066**
    -against-                          **(JGK)**

HIRO SUSHI AT OLLIE's, Inc. d/b/a Hiro Sushi at
Ollie's; FREEDOM PLACE REST LLC d/b/a Hiro Sushi
at Ollie's, 39 WEA FOOD GROUP, Inc., d/b/a Mah
Jong Chinese Kitchen, TAO RONG, a/k/a Cindy
Rong, YI LU,

                    Defendants.

---

BRIEF ON BEHALF OF DEFENDANTS FREEDOM PLACE REST LLC
AND 39 WEA FOOD GROUP, INC. IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE
CERTIFICATION

Dated: July 11, 2018

**TABLE OF CONTENTS**

TABLE OF CASES..............................................ii

PRELIMINARY STATEMENT.......................................1

STATEMENT OF FACTS..........................................1

ARGUMENT....................................................5

      POINT I

            PLAINTIFFS' ALLEGATIONS DO NOT SATISFY EVEN THE
            "MODEST SHOWING" REQUIRED FOR CONDITIONAL CLASS
            CERTIFICATION AS AGAINST 39 WEA FOOD GROUP INC.
            OR FREEDOM PLACE REST LLC..........................5

      POINT II

            PLAINTIFFS' PROPOSED COLLECTIVE ACTION
            NOTICE AND PUBLICATION ORDER ARE TOO BROAD.......10

CONCLUSION.................................................12

CERTIFICATE OF FORMAT .....................................13

CERTIFICATE OF SERVICE.....................................14

## <u>TABLE OF CASES</u>

Arciello v. County of Nassau, 2017 WL 4998074,
16-CV-3974 (E.D.N.Y. 2017)...................................11

Armstrong v. Weichert Realtors, 2006 WL 1455781,
05-CV-3120 (D.N.J. May 19, 2006).............................9

Barfield v. New York City Health and Hospitals Corporation,
2005 WL 3098730, 05-CV-6319 (S.D.N.Y. 2005).................8

Brown v. Mustang Sally's Spirits and Grill, Inc.,
2012 WL 4764585 (W.D.N.Y. 2012)..............................9

Colozzi v. St. Joseph's Hospital Health Center,
595 F.Supp.2d 200 (N.D.N.Y. 2009)...........................10

Gorey v. Manheim Services Corp., 2010 WL 5866258,
10-CV-1132 (S.D.N.Y. 2010)...................................9

Hamadou v. Hess Corp., 915 F.Supp.2d 651, 2013 WL 164009,
12-CV-0250 (S.D.N.Y. 2013)..................................10

Hanming Feng, et al. v. Soy Sauce LLC, 2016 WL 1070813,
15-CV-3058 (E.D.N.Y. 2016)..................................10

Ikikhueme v. CulinArt, Inc., 2013 WL 2395020,
13-CV-293 (S.D.N.Y. 2013)....................................6

Levinson v. Premedia, Inc., 2003 WL 22533428,
02-CV-2222 (S.D.N.Y. 2003)...................................8

Lynch v U.S. Auto Assoc., 491 F. Supp.2d 357
(S.D.N.Y. 2007)..............................................3

Mata v. Foodbridge LLC, 2015 WL 3457293,
14-CV-8754 (S.D.N.Y. 2015)...................................6

Parks v. Dick's Sporting Goods, Inc., 2007 WL 913927
(W.D.N.Y. 2007)..............................................9

Raniere v. Citigroup, Inc., 2011 WL 5881926,
11-CV-2448 (S.D.N.Y. 2011)...................................5

Romero v. H.B. Automotive Group, Inc., 2012 WL 1514810,
11-CV-386 (S.D.N.Y. May 1, 2012)...........................5,7

Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542,
13-CV-7264 (S.D.N.Y. 2014)..................................6

She Jian Guo v. Tommy's Sushi Inc., 2014 WL 5314822,
14-CV-3946 (S.D.N.Y. 2014)..................................9

Sherrill v. Sutherland Glob. Servs., Inc.,
487 F.Supp.2d 244 (W.D.N.Y. 2007)..........................11

## PRELIMINARY STATEMENT

Plaintiffs initially sued nine entities arising from their short and medium-term employment at two restaurants.  Defendants 39 WEA Food Group, Inc. and Freedom Place Rest LLC seek to be removed from the collective action portion of this litigation because Plaintiffs have not made any substantive allegations against either company to warrant a collective action.

## STATEMENT OF FACTS

Plaintiff Genxiang Zhang ("Genxiang") claims that, for four months in 2015, he worked as a Deliveryman at "Wea Food Group, Inc. d/b/a Mah Jong Chinese Kitchen" (Affidavit of Genxiang Zhang "Genxiang Aff.", ¶ 5).  Mah Jong Chinese Kitchen, located at 35 West End Avenue, was only open for approximately six months (Declaration of Ariey Nussbaum, ¶ 1).  Nussbaum and Brooke Phillips own 39 WEA Food Group, Inc.

From August 2015 to October 31, 2017, Genxiang claims that he worked at another restaurant - Hiro Sushi at Ollie's Inc., located at 160 Freedom Place, (Genxiang Aff., ¶ 10) - which is owned by Defendant Tao Rong a/k/a Cindy Rong.  These two restaurants had different owners, different corporations, and different locations.  Genxiang alleges, in conclusory fashion, that he "know[s] that it is Defendants' policy to not pay any employee at time and a half rate for their overtime hours," and

that he knows this because he "talked with other employees at
Hiro Sushi at Ollie's Inc. d/b/a Hiro Sushi at Ollie's (Genxiang
Aff., ¶ 22).  He also alleges that "there are about 8 to 9
delivery men over the past three (3) years who work for the
Defendants" (Genxiang Aff., ¶ 23).  He then lists three (3)
alleged Deliverymen he allegedly spoke with, without stating the
dates of such conversations.  Genxiang never makes any
allegations concerning similarly situated employees at Mah Jong
Chinese Kitchen, and makes no allegations about Freedom Place
Rest LLC.

Since Mah Jong Chinese Kitchen was only open for
approximately six months in 2015, the conversations with
deliverymen "over the past three (3) years," were likely not
with deliverymen working at Mah Jong.  Plaintiff Genxiang does
not even allege that any of these deliverymen worked at Mah Jong
or that he had conversations with deliverymen at Mah Jong.
Further, Genxiang's affidavit notes that all the employees he
allegedly spoke with were paid the tip-credited minimum wage of
$7.50 per hour (Genxiang Aff., ¶¶ 27, 33), but the tip-credited
minimum wage for delivery persons was $5.65 per hour in 2015,
during the time that Mah Jong was operating.  Consequently,
Genxiang's conversed with employees at Hiro Sushi at Ollie's
Inc.  Genxiang cannot prove, and does not even allege, that he

conversed with any employee, much less a similarly situated one, from Mah Jong Chinese Kitchen.

Plaintiff Xinhui Zhang ("Xinhui") claims to have worked for two months at Hiro Sushi at Ollie's Inc. as an Oil Wok and Water Wok (Affidavit of Xinhui Zhang "Xinhui Aff.", ¶ 3). He does not claim to have worked for Mah Jong, located on West End Ave., and makes no allegations about Freedom Place Rest LLC.

In addition, Xinhui's claims are too sparse to support a collective action. He claims that was told by his "close friend LAMBO" that he, like Xinhui, received a flat rate of pay (Xinhui Aff., ¶ 14). He does not identify Lambo's full name. Nearly every person he allegedly spoke with was a cook, or back of the house employee. This does not give license for a broad collective action for all non-exempt employees, which is what Plaintiffs seek. Xinhui cannot give a single surname of his coworkers, nor does he have any dates for the conversations alleged in his Affidavit. He describes his coworkers as "not very fat" (Xinhui Aff., ¶ 31) and "short and skinny" (Xinhui Aff., ¶ 33), and he claims that "I know a delivery person who is Shanghainese. His pay rate is lower than the minimum wage and he is supposed to take the tips. I know about this because of his work position" (Xinhui Aff., ¶ 22). This type of conclusory allegation is insufficient, especially since Plaintiff does not

allege the minimum wage, nor the wage received by the anonymous delivery person; he merely states, in conclusory fashion, that "his pay rate is lower than the minimum wage."

Plaintiffs presented no documentary evidence, nor any third-party affidavits, to support their allegations, nor do the alleged hearsay statements of the persons with whom they spoke support their allegations.

On the backs of short, vague affidavits, plaintiffs seek to wrongfully bootstrap conditional collective certification for *all* non-exempt employees for one restaurant where Genxiang worked a few months and another restaurant at which neither Plaintiff worked.  Defendants 39 WEA Food Group, Inc. and Freedom Place Rest LLC should be removed from any collective action notice, if the court is inclined to approve one based on this record, since Plaintiffs have raised no allegations of similar mistreatment - hearsay or otherwise - concerning employees at either 39 WEA Food Group Inc. or Freedom Place Rest LLC.

**ARGUMENT**

**<u>POINT I</u>**

**PLAINTIFFS' ALLEGATIONS DO NOT SATISFY EVEN THE "MODEST SHOWING" REQUIRED FOR CONDITIONAL CLASS CERTIFICATION AS AGAINST 39 WEA FOOD GROUP INC. OR FREEDOM PLACE REST LLC**

The FLSA has a two-stage process to determine if certification is proper.  "In the first stage, the Court makes a preliminary determination about whether the named plaintiffs are sufficiently 'similarly situated' to authorize the sending of notice and allow the case 'to proceed as a collective action through discovery.'" *Romero v. H.B. Automotive Group, Inc.*, 2012 WL 1514810 at *8, 11-CV-386 (S.D.N.Y. 2012), *quoting*, *Lynch v U.S. Auto Assoc.*, 491 F. Supp.2d 357, 367 (S.D.N.Y. 2007). Further, "[w]hile plaintiff's burden of proof is low, it is not non-existent - 'certification is not automatic,'" *Romero*, at *10, *quoting*, *Raniere v. Citigroup, Inc.*, 2011 WL 5881926 at *23, 11-CV-2448 (S.D.N.Y. 2011), and "[c]onclusory allegations are not enough to satisfy this burden*" Romero*, at *8*, quoting Raniere*, at *23.  The Plaintiffs' allegations as submitted do not satisfy the "modest showing" required at this first stage of the process, as against Defendants Freedom Place Rest LLC and 39 WEA Food Group, Inc.

In the instant case, plaintiff Xinhui makes no allegations

about Defendants Freedom Place Rest LLC nor 39 WEA Food Group, Inc.  He only alleges that he worked at Hiro Sushi at Ollies, Inc.  Consequently, he cannot set forth any claim, much less a collective action claim, against Freedom Place Rest LLC or 39 WEA Food Group, Inc.  *See*, *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, 13-CV-7264 (S.D.N.Y. 2014)(denying collective action certification where plaintiff made conclusory assertions about employees at jobsite where he never worked); *see also*, *Ikikhueme v. CulinArt, Inc.*, 2013 WL 2395020, 13-CV-293 (S.D.N.Y. 2013)

Further, plaintiffs' showings consist of conclusory allegations in self-serving Declarations.  Plaintiff Xinhui does not divulge the dates of any conversations with alleged co-employees, nor does he know their full names. "Information regarding 'where or when these observations or conversations occurred ... is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.'" *Mata v. Foodbridge LLC*, 2015 WL 3457293, at *4, 14-CV-8754 (S.D.N.Y. 2015) (*quoting Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2, 13-CV-7264 (S.D.N.Y. 2014))

Xinhui only spoke with cooks, and an anonymous deliveryman, who was allegedly paid below minimum wage, although Xinhui does not disclose the minimum wage required, nor the minimum wage the person allegedly received.  There are no

-6-

supporting affidavits nor documentary evidence, and Plaintiffs'
submissions are plainly insufficient information to support a
collective of all "non-exempt employees" at 39 WEA Food Group,
Inc. and Freedom Place Rest LLC, against whom Xinhui made no
allegations and Genxiang made general allegations which did not
apply to Mah Jong Chinese Kitchen because (1) he never mentioned
them; and (2) the alleged similarly situated employees worked
with him over a three year period, and received a tip-credited
minimum wage of $7.50 per hour, which exceeds the tip-credited
minimum wage in 2015, when Mah Jong Chinese Kitchen was open.

Plaintiffs did not "make any showing about a widespread
failure to pay the minimum wage" *Romero v. H.B. Automotive
Group, Inc.*, 2012 WL 1514810 at *10, 11-CV-386 (S.D.N.Y. 2012).
For instance, plaintiffs have not alleged how many cooks and
deliveryman worked at the restaurants, what other job
classifications exist, how many employees are in the various job
classifications, and how a common policy affects all non-exempt
employees.  In short, Plaintiffs "made no showing that the work
performed by *all* potential opt-ins is similar to [their] own."
*Romero,* at *14.* Thus, in *Romero*, even where plaintiff was able
to identify *another* individual who contended he was not paid
minimum wage, the court still denied conditional certification.

In *Levinson v. Premedia, Inc.*, 2003 WL 22533428, 02-CV-2222

(S.D.N.Y. 2003), the court held that plaintiffs could not demonstrate sufficient facts for conditional certification because they "failed to make a sufficient showing that the same was true for other potential plaintiffs." Although plaintiffs made conclusory assertions of the necessary facts, as they pertain to other employees, they "fail[ed] to support this legal conclusion with a factual showing that extends beyond their own circumstances," *Id.* at *2, and therefore the court found that plaintiffs' "attempts to broaden their allegations beyond the existing plaintiffs are insufficiently specific." Similarly, in *Barfield v. New York City Health and Hospitals Corporation*, 2005 WL 3098730 at *2, 05-CV-6319 (S.D.N.Y. 2005), the court also denied collective action certification, holding that "plaintiff presents nothing but limited anecdotal hearsay to suggest that there is a widespread practice of referral nurses working in excess of 40 hours per week . . . and no evidence whatever that this is pursuant to a policy of [defendants]."

In the present case, there is no basis to allow "automatic" conditional certification against 39 WEA Food Group, Inc. and Freedom Place Rest LLC on the anecdotal hearsay of sparse, conclusory affidavits. "The risk of allowing conditional certification on such minimal evidence is that it can facilitate class action abuse." *Armstrong v. Weichert Realtors*, 2006 WL

1455781, 05-CV-3120 (D.N.J. 2006).  As a result, the Court should deny conditional certification against these defendants. Plaintiffs cannot simply ignore their burden of proof.

Further, plaintiffs' proposed classification of all "non-exempt employees" is too broad for a cook and a deliveryman, where there are multiple classes of employees, including other tipped employees. *She Jian Guo v. Tommy's Sushi Inc.*, 2014 WL 5314822, at *3, 14-CV-3946 (S.D.N.Y. 2014)(denying collective certification of all hourly paid, non-managerial employees of restaurant); *Gorey v. Manheim Services Corp.*, 2010 WL 5866258, 10-CV-1132 (S.D.N.Y. 2010)(seeking collective action certification of outside sales representatives); *Parks v. Dick's Sporting Goods, Inc.*, 2007 WL 913927, 05-CV-6590 (W.D.N.Y. 2007)(seeking collective action certification of golf professionals); *Brown v. Mustang Sally's Spirits and Grill, Inc.*, 2012 WL 4764585, 12-CV-529S(W.D.N.Y. 2012)(seeking collective action certification of dancers).

## POINT II

### PLAINTIFFS' PROPOSED COLLECTIVE ACTION NOTICE AND PUBLICATION ORDER ARE TOO BROAD

If the court grants plaintiffs' motion for conditional certification on such sparse allegations, the collective action notice should be amended as follows:

The preamble should include the statement that, "Defendants deny all of plaintiff's allegations."

The recipients should have 30 days to respond, not 90 days. *See, e.g., Hamadou v. Hess Corp.*, 915 F.Supp.2d 651, 2013 WL 164009, 12-CV-0250 (S.D.N.Y. 2013).

On grounds of privacy, the court should not require the disclosure of phone numbers or email addresses. The names and last known addresses of employees should be sufficient.  *See*, *Hanming Feng, et al. v. Soy Sauce LLC*, 2016 WL 1070813, at *7, 15-CV-3058 (E.D.N.Y. 2016)(finding that "production of potential opt-in plaintiffs' dates of birth, e-mail addresses, and Social Security numbers is unnecessary at this juncture and may violate the employees' privacy rights, particularly in light of the fact that the parties do not have a confidentiality agreement in place"); *Colozzi v. St. Joseph's Hospital Health Center*, 595 F.Supp.2d 200, 210 (N.D.N.Y. 2009)(finding that "plaintiffs have no need for the additional, inherently private information

sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth.").

There is no basis for the notices to be in any language other than English, and no basis for publication in various newspapers, especially at *Defendants'* expense. *See*, *Arciello v. County of Nassau*, 2017 WL 4998074, at *8, 16-CV-3974 (E.D.N.Y. 2017)(denying request to publish notice in <u>Newsday</u> as "the notice would be presented largely to persons not eligible to join the collective action, and also exclude from its reach potential opt-in members who do not read that newspaper."); *Sherrill v. Sutherland Glob. Servs., Inc.*, 487 F.Supp.2d 244, 351 (W.D.N.Y. 2007)(denying request to disseminate notice by emailing, physically posting, mailing, and publishing it in an employee newsletter as "broader than necessary").

## **CONCLUSION**

For the foregoing reasons, defendants request that plaintiffs' motion be denied, and defendants be awarded costs, counsel fees, and such other and further relief as the Court deems just and equitable.

Dated:      July 11, 2018
            Mineola, NY


                          Respectfully submitted,


                          _____
                          RAYMOND NARDO, ESQ.

                          Attorney for Defendants
                          FREEDOM PLACE REST LLC and 39
                          WEA FOOD GROUP, INC.
                          129 Third Street
                          Mineola, NY 11501
                          (516)248-2121

## CERTIFICATE OF FORMAT

I hereby certify that the brief has fewer than 7,000 words and complies with the Individual Practices of Judge John G. Koeltl.

7/11/18
DATE

RAYMOND NARDO, ESQ.

### CERTIFICATE OF SERVICE

I certify that on July 11, 2018, I, Raymond Nardo, served by ECF the enclosed:

BRIEF ON BEHALF OF DEFENDANTS FREEDOM PLACE REST LLC AND 39 WEA FOOD GROUP, INC. IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

to Counsel located at:

John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
*Attorney for Plaintiffs*

Perry Burkett, Esq.
Stephen K. Seung, Esq.
2 Mott Street, Suite 601
New York, NY 10013
*Attorneys for Defendants*
*Hiro Sushi at Ollie's Inc.,*
*Tao Rong, and Yi Lu*


7/11/18

RAYMOND NARDO, ESQ.