```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
GENXIANG ZHANG et al.,                                                  :
                                                                        :
                            Plaintiffs,                                 :
                                                                        :     17 Civ. 7066 (JPC)
            -v-                                                         :
                                                                        :     ORDER
HIRO SUSHI AT OLLIE'S INC.                                              :
d/b/a Hiro Sushi at Ollie's et al.,                                     :
                                                                        :
                            Defendants.                                 :
                                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On August 22, 2022, Plaintiffs filed Proposed Findings of Fact and Conclusions of Law concerning their request for damages against Defendants Hiro Sushi at Ollies Inc. d/b/a Hiro Sushi at Ollies ("Hiro Sushi"), Tao Rong a/k/a Cindy Rong, and Yi Lu (collectively, the "Defaulting Defendants"), Dkt. 141, and the Declaration of John Troy in Support of Plaintiffs' Proposed Findings of Fact and Conclusions of Law with accompanying exhibits, Dkt. 142 ("Troy Declaration"). During the Court's review of Plaintiffs' submission on damages, the Court identified several issues that require clarification and/or supplemental submissions:

- Genxiang Zhang states in his declaration that "[a]fter December 26, 2015 [his] pay rate was seven dollars fifty cents ($7.50) per hour." Troy Declaration, Exh. 3 ¶ 15. Yet, the spreadsheet of damage calculation submitted by Plaintiffs' counsel provides that Genxiang Zhang was paid $6.00 per hour from December 26, 2015 to December 30, 2015. Troy Declaration, Exh. 2 ("Damage Calculation Spreadsheets") at 1.

- Genxiang Zhang states in his declaration that he worked at Hiro Sushi from on or about September 1, 2015 through on or about October 31, 2017. Troy Declaration, Exh. 3 ¶ 10. Yet, Genxiang Zhang's declaration does not mention his pay rate between September 1, 2015 and December 25, 2015.

- Under N.Y. Lab. Law § 195(1), an employer must "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, . . . ; allowances, if any, claimed as part of the minimum

wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer . . . ; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary." If the employer fails to comply with the requires under section 195(1) "within ten business days of [an employee's] first day of employment," the employer is liable for "damages of fifty dollars for *each work day* that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law ¶ 198(1-b) (emphasis added).

- o Xinhui Zhang states in his declaration that he worked at Hiro Sushi from on or about March 1, 2015 to May 31, 2015, working six days per week. Troy Declaration, Exh. 4 ¶¶ 3-4. This would result in approximately 78 work days during the relevant period. Xinhui Zhang also states that "[a]t the time [he] was hired, and at no time thereafter, [he] was not given a written notice in [his] primary language (Chinese) regarding [his] rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer." *Id.* ¶ 20. In connection with the Defaulting Defendants' violation of section 195(1), and pursuant to section 198(1-b), Plaintiffs seek $4,600.00 in damages for Xinhui Zhang. Damage Calculation Spreadsheets at 2. That amount of damages, however, would have required Xinhui Zhang to have worked 92 days, which is inconsistent with his declaration. Based on Xinhui Zhang's declaration, he worked approximately 78 days, which would entitle him to $3,900.00 in damages for the Defaulting Defendants' violation of section 195(1).

- o Yu Zhen Zheng states in his declaration that he worked at Hiro Sushi from on or about April 1, 2015 to June 30, 2015, working six days per week. Troy Declaration, Exh. 5 ¶¶ 3-4. This would result in approximately 78 work days during the relevant period. Yu Zhen Zheng also states that, at the time he was hired and to the end of his employment, "[he] was not given a written notice in [his] primary language (Chinese) regarding [his] rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer." *Id.* ¶ 19. In connection with the Defaulting Defendants' violation of section 195(1), and pursuant to section 198(1-b), Plaintiffs seek $4,550.00 in damages for Yu Zhen Zheng. Damage Calculation Spreadsheets at 3. That amount of damages, however, would have required Yu Zhen Zheng to have worked 91 days, which is inconsistent with his declaration. Based on Yu Zhen Zheng's declaration, he worked approximately 78 days, which would entitle him to $3,900.00 in damages for the Defaulting Defendants' violation of section 195(1).

- N.Y. Lab. Law § 195(3) provides, in relevant part, that an employer must "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." If an employer fails to provide a statement or statements as required under section 195(3), the employer is liable for "damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-d).

    o Genxiang Zhang seeks $5,000.00 in penalty against the Defaulting Defendants pursuant to sections 195(3) and 198(1-d). Damage Calculation Spreadsheets at 2. Genxiang Zhang, however, does not state in his declaration whether the Defaulting Defendants failed to provide him with wage slips.

    o Dan Dan Yuan seeks $2,500.00 in penalty against the Defaulting Defendants pursuant to section 195(3) and 198(1-d). Damage Calculation Spreadsheets at 4. Dan Dan Yuan, however, does not state in her declaration whether the Defaulting Defendants failed to provide her with wage slips.

Accordingly, it is hereby ORDERED that, by March 22, 2022, Plaintiffs shall submit supplemental briefing explaining the basis for their wage notice calculations under N.Y. Lab. Law §§ 195(1) and 198(1-b) for Xinhui Zhang and Yu Zhen Zheng. It is further ORDERED that, by March 22, 2022, Plaintiffs shall submit supplemental party declarations to the extent (1) they are seeking damages for Genxiang Zhang for the period from September 1, 2015 to December 25, 2015, including his salary for that period, as well as any clarification needed for his salary from December 26, 2015 to December 30, 2015, and/or (2) they are seeking wage statement claims under N.Y. Lab. Law §§ 195(3) and 198(1-d) for Genxiang Zhang and/or Dan Dan Yuan.

SO ORDERED.

Dated: March 15, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge